UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



---------------------------------------------------------------
JOSE RIVERA COLON,

                Plaintiff,

        -against-

C. GUNSETT; GUTWEIN; MANGINO; R,
FLANAGAN; A. COLOMBOS; J. CROFOOT; S.
HAZELWOOD; and DR. UZO,

                Defendants.
---------------------------------------------------------------

22-CV-0635 (VB)

ORDER OF SERVICE

VINCENT L. BRICCETTI, United States District Judge:

    Plaintiff, currently incarcerated in Auburn Correctional Facility, brings this *pro se* action, alleging that, while he was incarcerated in Green Haven Correctional Facility, Defendants violated his rights. By order dated January 26, 2022, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1]

## DISCUSSION

**A.    Service on Defendants**

    Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Sergeant C. Gunsett, Commissioner's Hearing Officer Gutwein, Sergeant Mangino, Correction Officers R. Flanagan, A. Colombos, J. Crofoot, and S. Hazelwood, and Facility Medical Doctor Uzo through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.      Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of the

2

date of this order, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[2]

## CONCLUSION

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for Sergeant C. Gunsett, Commissioner's Hearing Officer Gutwein, Sergeant Mangino, Correction Officers R. Flanagan, A. Colombos, J. Crofoot, and S. Hazelwood, and Facility Medical Doctor Uzo and deliver all documents necessary to effect service to the U.S. Marshals Service.

Local Civil Rule 33.2 applies to this action.

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

SO ORDERED.

Dated:  January 27, 2022
        White Plains, New York

_____
VINCENT L. BRICCETTI
United States District Judge

---

[2] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

## DEFENDANTS AND SERVICE ADDRESSES

1. Sergeant C. Gunsett
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582

2. Commissioner's Hearing Officer Gutwein
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582

3. Sergeant Mangino
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582

4. Correction Officer R. Flanagan
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582

5. Correction Officer A. Colombos
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582

6. Correction Officer J. Crofoot
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582

7. Correction Officer S. Hazelwood
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582

8. Facility Medical Doctor Uzo
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582