UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
JOSE RIVERA COLON,                                          :
                                Plaintiff,                  :
                                                            :
v.                                                          :
                                                            :
GUTWEIN; C.O. R. FLANAGAN; C.O.                             :
J. CROFOOT; and C.O. S. Hazelwood                           :
                                Defendants.                 :
----------------------------------------------------------------x

**OPINION AND ORDER**

22 CV 635 (VB)

Briccetti, J.:

       Plaintiff Jose Rivera Colon, proceeding pro se and in forma pauperis, brings this Section

1983 action against defendants Commissioner's Hearing Officer Gutwein, Correction Officer

("C.O.") R. Flanagan, C.O. J. Crofoot, and C.O. S. Hazelwood.  Defendants are all New York

State Department of Corrections and Community Supervision ("DOCCS") employees who

worked at Green Haven Correctional Facility in Stormville, New York ("Green Haven"), at the

time of the events alleged in the amended complaint.  (Doc. #41 ("Am. Compl.")).

       Plaintiff alleges defendants attacked him while searching his cell and again while plaintiff

was in the medical unit at Green Haven.  Plaintiff further alleges he was sanctioned at a

constitutionally deficient disciplinary proceeding arising from those events.

       Now pending is defendants' unopposed motion to dismiss the amended complaint in part

pursuant to Rule 12(b)(6), which seeks to dismiss all of plaintiff's claims arising out of the

allegedly deficient disciplinary proceeding.  (Doc. #53).

       Plaintiff did not oppose the motion, despite having been granted numerous extensions of

time to do so.  (Docs. ##58, 60, 61, 63).[1]

---

[1]     The Court extended plaintiff's deadline to oppose the motion three times—once sua
sponte after plaintiff missed his original deadline and twice more upon plaintiff's request.  (Docs.
##58, 60, 61).  In each Order extending plaintiff's deadline, the Court warned plaintiff it would

For the reasons set forth below, the motion is GRANTED IN PART and DENIED IN PART.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## BACKGROUND

For the purpose of ruling on the motion, the Court accepts as true all well-pleaded factual allegations in the amended complaint, and draws all reasonable inferences in plaintiff's favor, as summarized below.

At all relevant times, plaintiff was incarcerated at Green Haven.  Plaintiff alleges on December 23, 2020, he was subjected to excessive force by C.O.s Crofoot, Flanagan, and Hazelwood, both during a search of his cell and, subsequently, in the medical unit at Green Haven.

According to plaintiff, Hearing Officer Gutwein conducted a disciplinary hearing regarding the events of December 23.  The Court understands plaintiff to allege the hearing started fifteen days after the event in question and finished sixty-two days after the event. Liberally construed, plaintiff alleges a disciplinary hearing should start within seven days and finish within fourteen days if an inmate is "not confined."  (Am. Compl. at ECF 6).[2]  He further alleges any extension needed to be requested by the hearing officer, with a copy of the request provided to the inmate, but Gutwein never provided one to plaintiff.

---

deem the motion fully submitted and unopposed if he failed to respond by the applicable deadline.  On March 21, 2024, in the interest of efficient case management, the Court denied plaintiff's request for a fourth extension to file his opposition.  Accordingly, the Court deemed the motion fully submitted and unopposed.  (Doc. #63).

[2]      "ECF __" refers to page numbers automatically assigned by the Court's Electronic Case Filing System.

In addition, plaintiff alleges he was denied an interpreter at the beginning of the hearing. He claims an interpreter would have explained why the hearing was not dismissed after fifteen days had passed.

Plaintiff also alleges an officer testified he or she was not injured during the altercation and that plaintiff was "restrained without incident." (Am. Compl. at ECF 6). He further alleges Gutwein "was aware Body Cameras were turned off[] by officers and cameras at the clinic were temporarily covered by officers" while plaintiff was allegedly assaulted. (Id.).

Gutwein allegedly found plaintiff guilty on all counts, despite "all the defense" in plaintiff's favor proving he did not assault officers, procedural objections during the hearing, and a contraband receipt stating no weapon was found in plaintiff's cell during the December 23 search. (Am. Compl. at ECF 6). Plaintiff was allegedly sanctioned with 300 days in the Special Housing Unit ("SHU"), 300 days of lost privileges, and 240 days of lost good time. Plaintiff further claims this disciplinary finding jeopardized his clean record and subjected him to "harassment through-out every prison." (Id.).

Plaintiff seeks $500,000 for mental, physical, and emotional damages. Specifically, he requests $50,000 from each defendant in compensatory and punitive damages, $200,000 for the time he spent in SHU as a result of the disciplinary hearing, and $100,000 for "what plaintiff endured through-out the whole ordeal." (Am. Compl. at ECF 8).

## DISCUSSION

I.    Standard of Review

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under "the two-pronged approach" articulated by the Supreme Court in Ashcroft v.

Iqbal, 556 U.S. 662, 679 (2009).[3]  First, a plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss.  Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010).  Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations must meet a standard of "plausibility."  Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

The Court must liberally construe submissions of pro se litigants and interpret them "to raise the strongest arguments that they suggest."  Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (collecting cases).  Applying the pleading rules permissively is particularly appropriate when, as here, a pro se plaintiff alleges civil rights violations.  Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008).  "Even in a pro se case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010).  Nor may the Court "invent factual allegations" a plaintiff has not pleaded.  Id.

---

[3]     Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

II.     Documents Not Considered

Defendants attached a number of exhibits in support of their motion, including (i) a "Hearing Packet," a record of the hearing extensions, and photographs of a weapon from the hearing (Doc. #55-1); (ii) plaintiff's relevant disciplinary history (Doc. #55-2); and (iii) a transcript of the disciplinary hearing (Doc. #55-3).  As a preliminary matter, the Court must decide which, if any, of these documents it may consider in resolving this motion.

A court assessing a Rule 12(b)(6) motion may "consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint."  DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010).  Courts may also consider documents deemed "integral" to the complaint, id., and any "matters of which a court may take judicial notice," Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

To incorporate documents by reference, a complaint "must make a clear, definite and substantial reference to the documents.  Limited quotation of documents not attached to the complaint does not constitute incorporation by reference."  DeLuca v. AccessIT Grp., Inc., 695 F. Supp. 2d 54, 60 (S.D.N.Y. 2010).

A document is "integral" if "the complaint relies heavily upon its terms and effect."  DiFolco v. MSNBC Cable L.L.C., 622 F.3d at 111.  "To be integral to a complaint, the plaintiff must have (1) actual notice of the extraneous information and (2) relied upon the document[] in framing the complaint."  DeLuca v. AccessIT Grp., Inc., 695 F. Supp. 2d at 60.  Reliance is essential:  the plaintiff's "mere notice or possession" of a document does not suffice.  Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002).

As an initial matter, the amended complaint makes no reference to, much less relies on, any of defendants' exhibits.  To the extent the amended complaint references events at the disciplinary hearing, the Second Circuit has made clear such allegations alone are insufficient to incorporate a hearing transcript by reference.  Sira v. Morton, 380 F.3d 57, 67–68 (2d Cir. 2004) (holding allegations paraphrasing parts of a disciplinary hearing and quoting testimony were insufficient to incorporate a whole transcript by reference).  For example, in Doe v. New York University, the court declined to consider the evidentiary record of a disciplinary hearing because it would invite the court to evaluate and weigh evidence, which is "an invitation to error."  2021 WL 1226384, at *12-14 (S.D.N.Y. Mar. 31, 2021) (citing Glob. Network Commc'ns, Inc. v. City of New York, 458 F.3d 150 (2d Cir. 2006)).[4]

The same is true here.  As defendants acknowledge, plaintiff's "primary claim is that he disagrees with Defendant Gutwein's ultimate determination," and defendants now ask the Court to look at their exhibits to determine "there was not at least some evidence demonstrating his guilt."  (Doc. #54 at 5).  The exhibits are thus not integral to the amended complaint.

Accordingly, the Court will not consider defendants' exhibits on the instant motion.

III.   Failure to State a Claim

The Court liberally construes the amended complaint to suggest (i) Eighth Amendment claims for excessive force against C.O.s Hazelwood and Crofoot for an alleged altercation in plaintiff's cell and by C.O. Flanagan for alleged force used in or around Green Haven's medical

---

[4]   Plaintiff will be provided with copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

unit, and (ii) a Fourteenth Amendment procedural due process claim against Gutwein arising out of the disciplinary hearing.[5]

Defendants argue plaintiff's due process claim should be dismissed because, assuming plaintiff's confinement in SHU implicated a protected liberty interest, plaintiff received all necessary procedural due process protections.

The Court agrees plaintiff's allegations about the timeliness of the disciplinary hearing and the absence of a Spanish interpreter do not implicate procedural due process.  However, the Court disagrees with respect to plaintiff's claim that he was denied a fair and impartial hearing officer.

A.    Legal Standard

Fourteenth Amendment procedural due process requires "that a deprivation of life, liberty, or property be preceded by notice and opportunity for hearing appropriate to the nature of the case." Chase Grp. All. LLC v. City of N.Y. Dep't of Fin., 620 F.3d 146, 150 (2d Cir. 2010). Thus, to establish a violation of due process rights, a plaintiff must allege "(1) that he possessed a liberty interest and (2) that the defendant(s) deprived him of that interest as a result of insufficient process." Giano v. Selsky, 238 F.3d 223, 225 (2d Cir. 2001).  As to the second

---

[5]    The Court granted plaintiff leave to amend to plead failure to intervene claims against Sergeants Gunsett and Mangino in their individual capacities.  (Doc. #38 at 19).  The Court also instructed plaintiff the amended complaint would replace the original complaint and, therefore, plaintiff must include all necessary information, "including all relevant allegations from his original complaint and opposition" in his amended complaint.  (Id.).  The amended complaint contains no allegations about Gunsett or Mangino and does not name either as a defendant. Because plaintiff did include prior and new allegations supporting other claims for which he was given leave to plead, plaintiff's omission of allegations involving Gunsett or Mangino in the amended complaint is fairly understood by the Court as intentional.  Accordingly, the Court deems plaintiff to have abandoned any failure to intervene claims against these individuals.  See Austin v. Ford Models, Inc., 149 F.3d 148, 155–56 (2d Cir. 1998) ("Ultimately, the question of abandonment is one of intent."), abrogated on other grounds by Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002).

element, when an inmate's liberty interest is implicated, because "[p]rison disciplinary proceedings are not part of a criminal prosecution, . . . the full panoply of rights due a defendant in such proceedings does not apply."  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).

The procedural due process afforded to a prisoner charged with a violation in a disciplinary proceeding consists of: "advance written notice of the charges against him; a hearing affording him a reasonable opportunity to call witnesses and present documentary evidence; a fair and impartial hearing officer; and a written statement of the disposition, including the evidence relied upon and the reasons for the disciplinary actions taken."  Sira v. Morton, 380 F.3d at 69 (citing Wolff v. McDonnell, 418 U.S. at 566).  On review by a district court, "some evidence" must support the hearing disposition.  Id.  "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence.  Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."  Superintendent v. Hill, 472 U.S. 445, 455–56 (1985).

B.    Analysis

First, plaintiff's allegations regarding the timeliness of the disciplinary hearing, even if true, do not rise to the level of a constitutional violation.  Plaintiff alleges the disciplinary hearing started and ended after the period it purportedly should have, and he asserts he did not receive notice of the hearing officer's extension requests.  The lack of a speedy hearing "alone would not be enough generally to establish a constitutional claim."  Soto v. Walker, 44 F.3d 169, 173 (2d Cir. 1995).  Moreover, plaintiff cannot state a federal claim based on the violation of prison directives or regulations, without more, because "[f]ederal constitutional standards rather than

state law define the requirements of procedural due process." Russell v. Coughlin, 910 F.2d 75, 78 n.1 (2d Cir. 1990).

Second, even if true, plaintiff's allegation that he was denied an interpreter at the beginning of his hearing similarly does not constitute a procedural due process violation. The denial of an interpreter may offend due process in some circumstances. Clarkson v. Coughlin, 898 F. Supp. 1019, 1049 (S.D.N.Y. 1995). "[V]iolations of Wolff's requirements do not, however, warrant court intervention into prison disciplinary proceedings where those violations are harmless or non-prejudicial." Bullock v. Reckenwald, 2016 WL 5793974, at *7–8 (S.D.N.Y. Aug. 24, 2016) (discussing Powell v. Coughlin, 953 F.3d 744, 750 (2d Cir. 1991)). Here, plaintiff does not allege that the absence of a Spanish interpreter negatively affected the outcome of the disciplinary hearing or impaired plaintiff's ability to mount a defense. Rather, he alleges an interpreter "would have helped explain clearly the reason why the hearing was not dismissed" after "15 days had past"—i.e., after it was purportedly supposed to start. (Am. Compl. at ECF 6). This allegation is insufficient to form the basis of a procedural due process claim. See Young v. Polizzi, 2018 WL 3949967, at *8–9 (N.D.N.Y. July 11, 2018) (concluding the assistance of interpreter who allegedly only understood "a little bit" of sign language did not impair the plaintiff's procedural due process rights under Wolff), R&R adopted, 2018 WL 3949942 (N.D.N.Y. Aug. 16, 2018).

However, liberally construed, plaintiff adequately alleges he was denied a fair and impartial hearing. According to plaintiff: (i) an officer testified to not being injured during the altercation and that plaintiff was restrained without incident; (ii) the hearing officer was aware officers turned off their body cameras and covered cameras at the medical clinic, but an audio recording made "crystal clear the assault [plaintiff] endured" (Am. Compl. at ECF 6); (iii) the

9

officers assaulted plaintiff while he was fully restrained; (iv) evidence demonstrated plaintiff did

not assault the officers; and (v) a contraband receipt stated no weapon was found in plaintiff's

cell.  Taking these allegations as true and drawing all inferences in plaintiff's favor, as the Court

must do at this stage, plaintiff has plausibly alleged he did not receive a fair and impartial

hearing.  As the Second Circuit has explained, "the 'some evidence' standard requires some

'reliable evidence."  Sira v. Morton, 380 F.3d at 69.  At this stage, the Court must assume the

truth of plaintiff's allegations that the testimony and/or evidence supporting his guilt was

demonstrably false or not credible.  Thus, the amended complaint adequately alleges the

disciplinary determination was unsupported.

Accordingly, plaintiff has plausibly alleged a procedural due process claim against

Gutwein to the extent the disciplinary determination was not supported by some reliable

evidence.

IV.     Heck Doctrine

Defendants argue plaintiff's due process claim is, in any event, barred under Heck v.

Humphrey, 512 U.S. 477 (1994), because success on his claim necessarily implies the invalidity

of the length of his confinement.

Although the Court agrees that success on plaintiff's claim would implicate the length of

his confinement, plaintiff may avoid this bar by waiving his claims with respect to the sanctions

that affected the length of his confinement.

Under Heck, a prisoner's Section 1983 claim is not cognizable if "a judgment in favor of

the plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the

prisoner can demonstrate that the conviction or sentence has previously been invalidated."

Edwards v. Balisok, 520 U.S. 641, 643 (1997).  "Absent such a showing, a prisoner may only

seek relief in the federal courts through a petition for habeas corpus."  Adams v. Annucci, 2020 WL 1489787, at *5 (S.D.N.Y. Mar. 27, 2020).  Thus, the Second Circuit has recognized Section 1983 procedural due process claims are not available when "the claimed procedural defect . . . if established, would necessarily imply the invalidity of [a] punishment," including the revocation of good time credits.  Peralta v. Vasquez, 467 F.3d 98, 103 (2d Cir. 2006).

However, Heck does not apply in so-called "mixed sanctions" cases.  If a single disciplinary proceeding resulted in two types of sanctions—"one that affected the duration of [plaintiff's] custody and the other that affected the conditions of his confinement," the Second Circuit has held a prisoner can "proceed separately with a § 1983 action aimed at the sanctions or procedures that affected the conditions of his confinement."  Peralta v. Vasquez, 467 F.3d at 100. A plaintiff may proceed in this manner only if he "agrees to abandon forever any and all claims he has with respect to the sanctions that affected the length of his imprisonment."  Id.[6]

This case presents precisely the same type of mixed sanctions as those addressed in Peralta.  Plaintiff alleges, as a result of the guilty disposition at his disciplinary hearing, he was sanctioned with "300 days SHU," "300 lost of privileges," and "240 days of good time."  (Am. Compl. at ECF 6).  He seeks compensatory and punitive damages from each defendant, and separately seeks damages "for the time spent in special housing unit," and "for what plaintiff endured through-out the whole ordeal."  (Id. at ECF 8).  Thus, this action involves sanctions both affecting plaintiff's length of confinement (the loss of good-time credits) and sanctions involving the conditions of his confinement (time in SHU).

---

[6]     Such a statement is often referred to as a "Peralta waiver."  See, e.g., Pankey v. Annucci, 2020 WL 6375481, at *2 (N.D.N.Y. Oct. 30, 2020).

However, until and unless plaintiff clearly disclaims "forever any and all claims" with respect to his loss of good time credits, his procedural due process claim is barred.  Peralta v. Vasquez, 467 F.3d at 100.  Under these circumstances, the Court must provide plaintiff "with the waiver option."  McEachin v. Selsky, 225 F. App'x 36, 37 (2d Cir. 2007) (summary order).

Accordingly, plaintiff is directed to advise the Court in writing whether he waives forever any and all claims arising out of the disciplinary hearing relating to sanctions that affect the duration of his confinement, including the loss of good time credits.  If plaintiff does not file a proper Peralta waiver within sixty days of the date of this Opinion and Order, his procedural due process claim will be dismissed without prejudice in accordance with Heck v. Humphrey.[7]

## CONCLUSION

The partial motion to dismiss the amended complaint is GRANTED IN PART and DENIED IN PART.

Plaintiff's Fourteenth Amendment procedural due process claim against Gutwein is dismissed to the extent it challenges the timeliness of the disciplinary hearing and the need for an interpreter.  Plaintiff's procedural due process claim against Gutwein may proceed only to the extent it is based on an allegation that plaintiff was denied a fair and impartial hearing because the disposition was not supported by some reliable evidence.

**By August 12, 2024, plaintiff is directed to advise the Court in writing whether he waives forever any and all claims arising out of the disciplinary hearing at issue in this case relating to sanctions that affect the duration of his confinement, including loss of good time.**

---

[7]     The dismissal of this claim would be without prejudice.  See Amaker v. Weiner, 179 F.3d 48, 52 (2d Cir. 1999) (explaining dismissal under Heck should be without prejudice and, if a plaintiff's conviction or sentence is later declared invalid or called into question by a federal court's issuance of a writ of habeas corpus, he may reinstitute his suit).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Chambers will mail a copy of this Opinion and Order, and all unpublished opinions cited herein, to plaintiff at the address on the docket.

By separate Order, the Court will schedule an initial pretrial conference.

The Clerk is instructed to terminate the motion.  (Doc. #53).

Dated: June 13, 2024
       White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge

13