UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
JOSE RIVERA COLON, :
              Plaintiff, :
               :  **ORDER**
v. :
               :  22 CV 635 (VB)
GUTWEIN; C.O. R. FLANAGAN; C.O. J. :
CROFOOT; and C.O. S. HAZELWOOD, :
              Defendants. :
--------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/21/2024

Copies Mailed/Faxed
Chambers of Vincent L. Briccetti

      By Opinion and Order dated June 13, 2024, the Court granted in part and denied in part defendants' motion to dismiss the amended complaint. (Doc. #64). The Court held that plaintiff's procedural due process claim against defendant Gutwein concerning his loss of good-time credits was barred by Heck v. Humphrey, 512 U.S. 477 (1994), because it challenged the duration of plaintiff's confinement. However, the Court also concluded plaintiff could proceed on a procedural due process claim challenging the conditions of his confinement (i.e., his time in SHU), so long as he agreed to waive "forever any and all claims" related to his loss of good-time credits. See Peralta v. Vasquez, 467 F.3d 98, 100 (2d Cir. 2006). Such a statement is known as a Peralta waiver. Thus, plaintiff was directed to advise the Court in writing by August 12, 2024, whether he would waive his good-time credits claim. (Doc. #64 at 12).

      The Court also discussed the Peralta waiver with the parties at a case management conference held on the record on July 19, 2024. At that time, Mr. Colon confirmed his understanding that, in order to proceed on his conditions-of-confinement claim against Gutwein, he would have to waive his claim challenging the loss of good-time credits. When asked, Mr. Colon informed the Court that he did indeed intend to submit a Peralta waiver.

      On August 7, 2024, the Court received a letter from plaintiff, in which he stated he wants to "continue my claims [in] Colon vs Gutwein, Flanagan, C.O. Crofoot and C.O. Hazelwood . . . until you give me the last decision." (Doc. #72). By Order dated August 7, 2024, the Court held it could not deem this statement to be a waiver because plaintiff had not clearly expressed an intent to abandon a specific constitutional claim. However, because plaintiff had verbally expressed on the record his desire to make a Peralta waiver, and in consideration of his pro se status, the Court prepared for plaintiff a statement, entitled Waiver of Claims, which would suffice to constitute a Peralta waiver had plaintiff wished to execute it. The Court gave plaintiff until September 9, 2024, to review the Waiver of Claims and, if he found it acceptable, to sign, date, and return it to the Court.

      On August 20, 2024, the Court received an undated statement from plaintiff, in which he has written on the blank Waiver of Claims form: "I'm not doing that I would like to continue with everything." (Doc. #73). In light of this unequivocal language, the Court must conclude plaintiff does not wish to waive his procedural due process claim challenging the loss of good-time credits. Therefore, in accordance with Heck v. Humphrey, the Court must dismiss

1

plaintiff's procedural due process claim against Gutwein—to the extent it challenges both the conditions and the duration of plaintiff's confinement.

Accordingly, it is HEREBY ORDERED:

Plaintiff's procedural due process claim against Gutwein is DISMISSED without prejudice. The Clerk is instructed to terminate Gutwein as a defendant on the docket.

Plaintiff's separate excessive force claim against defendants Crofoot, Flanagan, and Hazelwood shall proceed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal taken from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Chambers will mail a copy of this Order to plaintiff at the address on the docket.

Dated: August 21, 2024
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge